FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 8 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

HECTOR SANTILLAN,

                Plaintiff,

    – against –

UNITED STATES OF AMERICA and
MICHELLE BELGARD, M.D., Acting Clinical
Director, MDC Brooklyn, N.Y.,

                Defendants.
---------------------------------------------------------------- X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
1:19-CV-5410 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

On September 16, 2019, the *pro se* plaintiff, Hector Santillan, who is currently incarcerated at the Moshannon Valley Correctional Center in Pennsylvania, commenced this action against the United States of America and Dr. Michelle Belgard, the Acting Clinical Director of the Metropolitan Detention Center in Brooklyn, New York. The Court grants the plaintiff's request to proceed *in forma pauperis*. For the reasons that follow, the Court dismisses the complaint with leave to amend.

## BACKGROUND

The plaintiff alleges that on he was detained at the Metropolitan Detention Center ("MDC") in Brooklyn on August 28, 2013, and was injured when he fell from the top of his bunk. (ECF No. 1 at 4.) The plaintiff further alleges that he complained to a staff unit officer that he fainted after exercising, and was dizzy, and that "the accident could have [been] avoided" if the "staff unit officer had not acted indifferent" to the plaintiff's complaints and to his request to be moved to a lower bunk. (*Id.* at 6.) He seeks $60 million in damages. (*Id.* at 5.)

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, and interpret their complaints to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint still must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A district court should "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the Court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, under the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Liberally construing the complaint, the plaintiff alleges violations pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 338 (1971), as well as the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*[1]

### I. *Bivens* Claim

An individual plaintiff may bring a claim against federal officials, in their individual capacities, for conduct violating the United States Constitution. *See generally Bivens*, 403 U.S. 338 (1971); *see also Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 403 (2d Cir. 2015) (*Bivens* "established that a citizen suffering a compensable injury to a constitutionally protected interest could . . . obtain an award of monetary damages against the responsible federal official[.]") (citation omitted). The plaintiff "must allege a violation by a federal official of a clearly established constitutional right for which the federal official does not have immunity." *Nelson v. Hernandez*, 524 F. Supp. 2d 212, 219 (E.D.N.Y. 2007) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

There is no vicarious liability under *Bivens*. *See Thomas v. Ashcroft*, 470 F.3d 491, 497 (2d Cir. 2006) ("Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). The statute of limitations is three years and begins to accrue when the "plaintiff either has knowledge of his or her claim or has enough information that a reasonable person

---

[1] The plaintiff makes claims under 42 U.S.C. § 1983, which provides relief against defendants who act "under the color of state law." *Ostroki v. Town of Southhold*, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) (citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). However, the named defendant, Dr. Michelle Belgard, is a federal employee, and thus was not acting under the color of state law. *See Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 499 (S.D.N.Y. 2010) ("Section 1983 actions are not properly bought against federal employees.") (citations omitted). Thus, I interpret the plaintiff's Section 1983 claim as a *Bivens* claim. *Id.* ("However, § 1983 claims improperly filed against federal employees are routinely interpreted as properly pleaded under *Bivens* . . . the federal counterpart to § 1983.") (collecting cases).

3

would investigate and discover the existence of a claim." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015).

The plaintiff's complaint must be dismissed. First, the plaintiff did not allege any facts against Dr. Belgard; it is not clear whether Dr. Belgard ever interacted with or made decisions about the plaintiff or the conditions of his confinement. Additionally, the plaintiff's complaint is untimely: the plaintiff alleges that he was injured on August 28, 2013 — about six years before he filed his complaint.[2] Therefore, the plaintiff's *Bivens* complaint against Dr. Belgard is dismissed pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

## II. Federal Torts Claim Act

While the United States is generally immune from suit, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents to be sued[.]") (citation and internal alteration omitted), the Federal Tort Claims Act ("FTCA") provides an exception to the rule and permits suit against the United States as "the exclusive remedy" for damages "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," *see Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991). Before bringing an FTCA claim in federal court, a plaintiff must fully exhaust the available administrative remedies. *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2401. The plaintiff must file the administrative claim with the appropriate federal agency within two years of the claim's accrual, and then file an action in federal court "within six months" of a "final denial of the claim by the agency." 28 U.S.C. §§ 2401(b), § 2675(a).

---

[2] The date on the complaint is August 24, 2019, and the Court received it on September 16, 2019. Under either date, the complaint was made well after the three-year statute of limitations.

4

It is the plaintiff's burden to demonstrate that he exhausted his administrative remedies. The plaintiff did not allege that he filed a claim with the relevant administrative agency – in this case, the Federal Bureau of Prisons. Therefore, the plaintiff's FTCA claim is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

For the reasons explained above, the complaint, filed *in forma pauperis*, is dismissed against all the defendants. The Court grants the plaintiff leave to file an amended complaint within thirty days of this order. All proceedings are stayed for thirty days or until further order of the Court. If the plaintiff does not file an amended complaint within the time allowed or show good cause why he cannot comply, the Clerk of Court is respectfully directed to enter judgment and close this case.

If the plaintiff decides to file an amended complaint, it should be titled "AMENDED COMPLAINT" and bear the same docket number as this order, 19-CV-5410 (AMD) (LB). An amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. The plaintiff must set forth facts to support his claims. For example, for the *Bivens* claim, he must name as a defendant the individual who was personally involved in his treatment,[3] describe what that person did or did not do, and include all relevant dates. The plaintiff must also set forth facts to show why the claim should not be dismissed as time-barred. For the FTCA claim, he must name the United States as a defendant and provide facts to show that he filed an administrative claim with the BOP, and that the BOP denied his claim. If available, the plaintiff should include as exhibits to the amended complaint a copy of the administrative claim and the decision denying his claim.

---

[3] If the plaintiff does not know the name of the individual involved in his treatment, he may name "John Doe" pending discovery.

5

SO ORDERED.

                                                  s/Ann M. Donnelly
                                        _____
                                        **ANN M. DONNELLY**
                                        United States District Judge

Dated: Brooklyn, New York
       October 7, 2019