UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X  NOT FOR PUBLICATION

**HECTOR SANTILLAN,**

                     *Plaintiff*,  **MEMORANDUM AND ORDER**

  -against-  19-CV-5410 (AMD) (LB)

**UNITED STATES OF AMERICA,
MICHELLE BELGARD M.D.,** Acting
Clinical Director, MDC Brooklyn N.Y.,

                  *Defendants.*
-------------------------------------------------------------------X

**ANN M. DONNELLY,** United States District Judge:

On September 16, 2019, the plaintiff, Hector Santillan, who is currently incarcerated at the Moshannon Valley Correctional Center in Pennsylvania, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2.) By Memorandum and Order dated October 7, 2019, I granted the plaintiff's request to proceed *in forma pauperis*, dismissed the complaint for failure to state a claim and for lack of subject matter jurisdiction, and granted the plaintiff leave to file an amended complaint within 30 days. (ECF No. 6.) On December 5, 2019, I extended the deadline for the plaintiff to file an amended complaint to January 10, 2020. (ECF No. 10.)

On January 21, 2020, the plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983 along with an application for *pro bono* counsel. (ECF Nos. 11, 12.) For the reasons set forth below, the plaintiff's amended complaint is dismissed.[1]

---

[1] The plaintiff's request for counsel is denied. There is no right to a lawyer in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). A court cannot require that a lawyer represent someone in a civil case without the lawyer being paid. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Instead, all that the Court can do is ask a lawyer to volunteer. In deciding whether to do this, the Court evaluates whether the plaintiff's position is "likely to be of substance." *Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003). The plaintiff's complaint does not establish the threshold requirement that his claims are "likely to be of substance." *Id.* Accordingly, the plaintiff's request for *pro bono* counsel is denied without prejudice.

1

## BACKGROUND

The amended complaint repeats the same allegations as the original complaint. Specifically, the plaintiff alleges that he was injured on August 28, 2013 when he fell from his bunk at the Metropolitan Detention Center ("MDC") in Brooklyn. (ECF No. 11 at 10-14; ECF No. 1 at 4.)

The plaintiff also alleges that "F.B.O.P. employees were negligent" in "failing to render immediate medical treatment," in "failing to provide adequate medical services and indifferent to [his] pain and suffering," and "continuation of indifference and violation of [his] right to adequate medical care." (ECF No. 11 at 6.) The plaintiff further alleges that "the medical staff at the MDC Brooklyn committed failure to act on medical recommendations for surgery." (*Id.* at 9, 23.)

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, and interpret their complaints to raise the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint still must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A district court should "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the Court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, under the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court liberally construes the plaintiff's amended complaint as brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*

### I. *Bivens* Claim

An individual plaintiff may bring a claim against federal officials, in their individual capacities, for conduct violating the Constitution. *See generally Bivens*, 403 U.S. 338 (1971); *see also Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 403 (2d Cir. 2015) (*Bivens* "established that a citizen suffering a compensable injury to a constitutionally protected interest could . . . obtain an award of monetary damages against the responsible federal official[.]") (citation omitted). The plaintiff "must allege a violation by a federal official of a clearly established constitutional right for which the federal official does not have immunity." *Nelson v. Hernandez*, 524 F. Supp. 2d 212, 219 (E.D.N.Y. 2007) (citing *Siegert v. Gilley*, 500 U.S. 226, 232(1991)). There is no vicarious liability under *Bivens*. *See Thomas v. Ashcroft*, 470 F.3d 491, 497 (2d Cir. 2006) ("Because the doctrine of *respondeat superior* does not apply in *Bivens*

3

actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). The statute of limitations is three years and begins to accrue when the "plaintiff either has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015).

Here, the plaintiff fails to state a claim against the defendants. According to the amended complaint, the plaintiff received medical treatment from various medical providers in September and October of 2013. (ECF No. 11 at 24-32.) Dr. Belgard referred the plaintiff to neurosurgery on August 30, 2013. (*Id.* at 23, 33-34.) The plaintiff has not alleged that Dr. Belgard denied him medical care or was personally involved in any denial of medical care.

Even if the amended complaint did plausibly allege that the defendants were somehow responsible for the plaintiff's failure to have neurosurgery, his claim is time-barred. The plaintiff argues that the "Court should . . . consider Plaintiff's head injury" to toll the statute of limitations (ECF No. 11 at 7-8), but he attaches documents that show he was able to file prisoner grievances in January and February of 2017 while he was incarcerated at the Federal Medical Center in Devens, Massachusetts. (*Id.* at 15-21.) Those grievances also allege inadequate medical treatment, including the denial of neurosurgery, defeating his allegation that he could not timely file this action. (*Id.*) The plaintiff does not allege facts sufficient to support equitable tolling of the statute of limitations. Accordingly, his *Bivens* claim against Dr. Belgard is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

## II. Federal Tort Claims Act

While the United States is generally immune from suit, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents

to be sued[.]") (citation and internal alteration omitted), the Federal Tort Claims Act ("FTCA") provides an exception to the rule and permits suit against the United States as "the exclusive remedy" for damages "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," *see Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991). Before bringing an FTCA claim in federal court, a plaintiff must fully exhaust available administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2401. The plaintiff must file the administrative claim with the appropriate federal agency within two years of the claim's accrual, and then file an action in federal court "within six months" of a "final denial of the claim by the agency." 28 U.S.C. §§ 2401(b), § 2675(a). It is the plaintiff's burden to demonstrate that he exhausted his administrative remedies.

The plaintiff does not provide any proof that he filed a tort claim as required under the FTCA. Rather, the plaintiff provides documents related to his prison grievances where he sought medical attention. This is not the same as a tort claim seeking damages. In fact, the prison alerted the plaintiff to this difference in its response to his grievance on March 9, 2017. (*See* ECF No. 11 at 15.) Therefore, the plaintiff's FTCA claim against the United States is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Accordingly, the plaintiff's amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim under *Bivens*, 28 U.S.C. §§ 1915A, 1915(e)(2)(B), and for lack of subject matter jurisdiction under the FTCA. Fed. R. Civ. P. 12(h)(3). The plaintiff's application for *pro bono* counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                             **ANN M. DONNELLY**
                                             United States District Judge

Dated: Brooklyn, New York
        February 25, 2020